IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **05CV0477 TCK-SAJ** |
| (2) AG EQUIPMENT COMPANY, an Oklahoma Corporation | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

**FILED AUG 22 2005** Phil Lombardi, Clerk U.S. DISTRICT COURT

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Joe Boyles, who was terminated because of his age (59).

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, AG Equipment Co., has continuously been doing business in the State of Oklahoma and the City of Broken Arrow, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Charging Party began working for the Defendant on or about October 6, 2003. During his employment, the Defendant engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1), including discharging the Charging Party from his

position of Working Lead Man because of his age.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Joe Boyles of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from forcing its employees into retirement, or discharging them because of age, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Joe Boyles, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement for Joe Boyles or front pay in lieu of reinstatement.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DRIEBAND
General Counsel

ROBERT A. CANINO, OBA No. 11782
Regional Attorney

*/s/ Suzanne Anderson*

SUZANNE ANDERSON
Texas State Bar No. 14009470
Supervisory Trial Attorney

MICHELLE M. ROBERTSON
Sr. Trial Attorney
Oklahoma State Bar No. 14084

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Oklahoma Area Office
210 Park Avenue, Suite 1350
Oklahoma City, OK 73102
Tel. No. (405) 231-4363
Fax No. (405) 231-4340

ATTORNEYS FOR PLAINTIFF EEOC

**JURY TRIAL DEMANDED**